IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICKY LEE FRANKLIN                                                                                PLAINTIFF

v.                                              Civil No. 2:25-cv-02127-TLB

ALEX SELKIRK,
OFFICER TIM DAVID GOSSETT
(Greenwood Police Department);
CHIEF OF POLICE BRAD CARL HOBBS
(Greenwood Police Department);
TRAVIS PLUMMER (City Attorney);
DOUG KINSLOW (Mayor of Greenwood);
and POLICE OFFICER AYDEN BROWN
(Greenwood Police Department)                                                                 DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. (ECF No. 4). The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A and is ready for disposition.

**I.   BACKGROUND**

Plaintiff filed his Complaint and *in forma pauperis* ("IFP") application on October 15, 2025, alleging constitutional violations arising under 42 U.S.C. § 1983. (ECF Nos. 1, 2). The Court has reviewed his state case.[1] *City of Greenwood v. Ricky Lee Franklin*, 66GCR-55-112, is

---

[1] Case information available at Search ARCourts, https://caseinfonew.arcourts.gov/opad (last accessed October 21, 2025).

1

a misdemeanor public loitering case in the District Court of Sebastian County, Arkansas. Defendant Plummer is the prosecuting attorney in the case. Defendant Gossett is the arresting officer and defendant Selkirk is a witness. Plaintiff was represented by a public defender and found guilty following a trial on September 25, 2025. He was assessed a $100 fine, $100 in costs, and a $40 assessment. Plaintiff then filed a notice of appeal with the Sebastian County Circuit Clerk on September 30, 2025, and the appeal is currently pending.

Plaintiff proceeds against Defendants Gossett, Hobbs, Plummer, Kinslow, and Brown in their official capacities, while his compliant against Selkirk is in an individual capacity claim. (ECF No. 2, pp. 2-4). He seeks several items of relief, including a restraining order against Selkirk and his family, as well as the city police; dismissal of his public loitering ticket and fine; and $10 million for injuries. (*Id*. at p. 6).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). *Younger* also "bar[s] federal relief in certain civil actions." *Sprint Commun., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). In cases where damages are sought, the Eighth Circuit has noted that the

Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.

Here, Plaintiff's claims concerning the alleged constitutional violations are intertwined with his ongoing state criminal case which is on appeal. As this case is still open, the *Younger* abstention doctrine applies. Plaintiff does not contend he cannot raise his claims in the state appeal. And Plaintiff has not identified any extraordinary circumstances that suggest this Court should interfere with said case. The state clearly has an important interest in enforcing its criminal laws. There are important interests in allowing state courts to administer their own cases. There is no reason Plaintiff cannot raise his federal claims in his state appeal.

Because Plaintiff seeks both equitable and monetary relief, it is appropriate to stay Plaintiff's case pending the outcome of his state appeal.

### IV.  CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's case be administratively STAYED pending the outcome of his appeal in his state criminal case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE